**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 7814 |
| | ) | |
| DONALD LOWE, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Petitioner Donald Lowe has moved for relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. Lowe pleaded guilty to being a felon in possession of a firearm more than 15 years ago, and his conviction and sentence were affirmed in October 2003. This motion is, therefore, grossly untimely, but Lowe believes the Supreme Court breathed new life into his sentencing challenge when it decided *Johnson v. United States*, 135 S.Ct. 2551 (2015), and later determined that the holding of *Johnson* is retroactively applicable in postconviction proceedings. *Welch v. United States*, 136 S.Ct. 1257 (2016). Johnson does not affect the sentence that Judge Kocoras imposed on Lowe, however, so his petition is denied.

## BACKGROUND

In its decision granting defense counsel's *Anders* motion for leave to withdraw, the Seventh Circuit summarized the offense in these words:

> Donald Lowe was already wanted for drug-trafficking offenses in Georgia and Texas when he had an armed run-in with a federal agent at a motel in Calumet Park, Illinois. He escaped from that confrontation but was captured two days later. After being convicted in Georgia and Texas (receiving concurrent sentences of 10 years and 96 months respectively), he pleaded guilty in Illinois to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and stipulated to having three previous convictions for violent felonies (for robbery, battery, and burglary, all in Florida), 18 U.S.C. § 924(e)(1). He was sentenced to 262 months' imprisonment-the high end of the guideline range.

*United States v. Lowe*, No. 02-4311, 79 Fed. Appx. 211, 212 (7th Cir. 2003).

## **DISCUSSION**

As reflected in the criminal docket (No. 00 CR 545), Lowe was charged in a superseding indictment with four counts: (1) attempting to kill a federal agent, in violation of 18 U.S.C. § 1114; (2) forcibly assaulting a federal agent using a deadly weapon, in violation of 18 U.S.C. §§ 111(a)(1) and 111(b); (3) possessing a firearm as a fugitive from justice and as a felon, in violation of 18 U.S.C. §§ 922(g); and (4) carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). (Superseding Indictment, [15] in 00 CR 545.) He pleaded guilty to the weapons possession charge (Count III). Judge Kocoras of this court concluded that Lowe is an armed career criminal under 18 U.S.C. § 924(e) because he had three prior convictions for violent felonies: robbery, battery, and burglary. Under the Sentencing Guidelines applicable at the time of sentencing, Lowe's offense level was 32 and his criminal history category was VI, yielding a guideline sentence of 210 to 262 months. Judge Kocoras imposed a 262-month sentence. As noted, Lowe's appeal was dismissed.

The Armed Career Criminal Act ("ACCA") provides for an enhanced penalty for a defendant convicted of a § 922(g) offense, if that defendant has three previous convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The Act defines the term "violent felony" as one that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another;" or "(ii) is burglary, arson, or extortion, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ." Subpart (i) of the Act is referred to as the "elements clause"; subpart (ii) is referred to as encompassing "enumerated offenses" and the "residual clause."

In *Johnson,* the Supreme Court concluded that the "residual clause" of the ACCA is unconstitutionally vague. The Court specifically noted, however, that its decision "does not call into question . . . the remainder of the Act's definition of a violent felony." 135 S.Ct. at 2563. Thus, an individual who has three previous convictions of either drug offenses, enumerated

2

offenses, or "elements-clause" violent felonies remains subject to enhanced penalties under the Armed Career Criminal Act, even after *Johnson.* Lowe falls into that category, as the government explained in its response to his § 2255 petition: he has two felony drug convictions, one in 2000 in the state of Georgia, and a second in 2001 in the state of Texas, both carrying maximum terms of imprisonment of ten years or more. (Government's Response to § 2255 Petition [13], at 6; Exhibits 3, 4.) (Unremarked by the government is Lowe's admission, in his plea agreement, to a burglary, an enumerated offense under ACCA. *See* Plea Agreement [60], at 4, in 00 CR 545.) In addition, he was convicted of robbery under a Florida law that defines robbery as "taking of money or other property . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. Ann. § 812.13(1). (*Id.* at 4-5; Exhibit 2.) Records from Florida show he was charged with robbery and with use of a weapon, and that the robbery count, to which Lowe pleaded guilty, explicitly charged that the robbery was committed "by force and violence and assault, and by putting in fear . . . ." (Criminal Record, Exhibit 2 to Government's Response). This is significant because the "elements clause" of § 924(e)(2(B)(i) designates an offense as violent if it "has as an element the use, attempted use, or threatened use of physical force."

In *Shields v. United States,* 885 F.3d 1020, 1023-24 (7th Cir. 2018), the Seventh Circuit concluded that even a simple robbery charge under Illinois law qualifies as a violent felony because such a robbery is committed with "the use of force or by threatening the imminent use of force." The district court therefore properly dismissed petitioner's § 2255 challenge to his sentence, enhanced under ACCA on the basis of a previous armed robbery conviction. *Accord, Pinkney v. United States*, No. 17-2339, ___ Fed. Appx. ____, 2018 WL 3996719 (7th Cir. Aug. 21, 2018) (affirming denial of § 2255 petition). Similarly, "Florida robbery categorially qualifies as a violent felony under the ACCA." *Twitty v. United States*, No. 17-15308, ___ Fed. Appx. ___, 2018 WL 2329732 (11th Cir. May 23, 2018) citing *United States v. Joyner*, 882 F.3d 1369, 1378-79 (11th Cir. 2018).

**CONCLUSION**

Lowe's two previous drug convictions, together with his conviction for robbery until Florida law, support the determination that he is an armed career criminal. *Johnson*'s holding concerning the "residual clause" of ACCA does not alter the analysis. Because this result is dictated by recent Seventh Circuit authority, the court concludes that reasonable jurists would not find this conclusion debatable. The court therefore declines to issue a certificate of appealability. This case is dismissed.

ENTER:

Dated: September 5, 2018

_____
REBECCA R. PALLMEYER
United States District Judge